{¶ 31} I concur in judgment only, but feel comment is in order to clarify the analysis.
 {¶ 32} On October 21, 2002, appellant filed a request for discovery that included "any evidence which the prosecutor has, or has knowledge of, that would be favorable to Defendant [Rule 16(B)1-1(f)]." Detective Tim Riggs of the Middletown Police department interviewed Tiffany Holland In the state's answer to the request for discovery, filed on October 25, 2002, both Detective Tim Riggs and Tiffany Holland's names and addresses were disclosed pursuant to Crim.R. 16(B)(1)(e).
 {¶ 33} On December 20, 2002, the prosecuting attorney requested that a praecipe for a subpoena be issued to Holland Return of Service states that on December 30, 2003, the subpoena was left at Holland's usual place of residence.
 {¶ 34} Approximately two weeks before trial, appellant's counsel contacted Detective Riggs. Appellant's trial counsel stated to the trial court, "based on a conversation I had with Detective Riggs, that led me to believe [that Holland] made a statement, essentially an exculpatory statement to my client." On January 3, 2003, appellant's trial counsel filed a praecipe for a subpoena, served by personal service, issued to Holland Return of Service states that on January 8, 2003, the subpoena was left at Holland's usual place of residence.
 {¶ 35} Appellant's trial counsel then contacted the prosecuting attorney and informed him that, "there might be a statement out there by Tiffany Holland" The prosecuting attorney stated that he "made contact with [Detective] Riggs, * * * on Friday * * * and Sunday the fax came to our office. And I faxed [Holland's statement] to [appellant's trial counsel] yesterday [January 13, 2002] * * *."
 {¶ 36} Holland did not appear for appellant's trial. Appellant's trial counsel asked for the court to order Holland's arrest. However, the trial court found there was no evidence indicating that Holland had knowledge of the residential subpoena. Appellant's trial counsel filed another praecipe for a subpoena, served by personal service, issued to Holland on January 14, 2003.
 {¶ 37} On January 15, 2003, appellant's trial counsel moved for a continuance to serve Holland Holland's statement was attached to the motion. Holland's statement indicates that "Brian [Milliser] went after [appellant] and he picked up a beer bottle off the ground and he broke it. He broke it on the ground and went after [appellant] first."
 {¶ 38} The majority addressed appellant's second assignment of error as alleging a Brady violation and therefore overruled the assignment of error, stating that under Brady there is no violation unless the exculpatory evidence is withheld and then later revealed after trial.
 {¶ 39} However, pursuant to Crim.R. 16(A), discovery shall be provided "forthwith" upon a written request. Holland's statement is exculpatory evidence favorable to the defendant under Crim.R. 16(B)(1)(f). Exculpatory statements are to be supplied forthwith. The prosecution disclosed Holland as a witness, upon the defendant's written request, on October 25, 2002. Yet, Holland's statement was not divulged until the day before trial on January 13, 2003. The statement was not supplied in a forthwith manner and no reasonable excuse was given for the delay. This discovery issue is even more critical when it is combined with the service deficiencies experienced with the same witness.
 {¶ 40} Nevertheless, I reluctantly find that appellant suffered no prejudice as a result. Christopher Woodell testified at appellant's trial that "Brian [Milliser] proceeded to get out of the car and challenge Mr. Fornash * * * Brian [Milliser] and the other two gentlemen proceeded to surround Fornash." Holland's statement would have merely been cumulative. Therefore, I respectfully concur in judgment only.